IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RICHARD PINKLEY,

    Defendant.

Cv. No. 03-1069-T/An
Cr. No. 00-10005-T

---

ORDER DENYING MOTION TO AMEND
ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On March 11, 2003, defendant, Richard Pinkley, Bureau of Prisons registration number 16962-076, an inmate at the Federal Medical Center (FMC) at Rochester, Minnesota, filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his his conviction for violating 21 U.S.C. §§ 841(a) and 846.

I. PROCEDURAL HISTORY

On January 10, 2000, a federal grand jury returned a seventeen-count indictment against Pinkley and four codefendants, Sharon Mitchell, Robert Douglas Treadway, Darby Massey, and Billy Davis. The grand jury returned a twenty count superseding indictment against the defendant and four codefendants on February 14, 2000, charging them with various drug offense. On April 26, 2000, Pinkley pled guilty to all counts of the superseding indictment with the exception of count nineteen, attempt to manufacture amphetamine. This Court conducted a sentencing hearing on August 8, 2000, at which time Pinkley was sentenced to one hundred fifty-six (156) months imprisonment, to be followed by a five-year period of supervised release. Judgment was entered on August 9, 2000. Pinkley appealed and the Sixth Circuit Court of Appeals affirmed this Court's judgment. United States v.

Pinkley, No. 00-6138, 2001 WL 1355297 (6th Cir. Oct. 26, 2003); cert. denied, No. 01-9503, 535 U.S. 1069 (May 13, 2002).

Defendant now claims that his sentence should be set aside due to ineffective assistance of counsel occurring during the entry of his guilty plea and at sentencing. Specifically, he alleges that counsel failed to object to:

1. the failure to reveal the full extent of the plea agreement entered into on December 14, 1998, including the promise that defendant's sentence would not exceed eighteen months;

2. the use of incriminating information revealed during his cooperation on December 14, 1998 to increase his base offense level; and

3. the breach of the December 15, 1998 plea agreement when the Assistant United States Attorney added a condition that he refrain from further criminal activity to reap the reward for his co-operation.

II. MOTION TO AMEND

On September 27, 2004, Pinkley filed a motion to amend his pending § 2255 with a claim based on the holding of Blakely v. Washington, 542 U.S. 296 (2004).[1] (Docket entry #7).

Pinkley's conviction became final on May 13, 2002, when the United States Supreme Court denied certiorari. The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). Pinkley's motion filed on March

---

[1] The Court also anticipates an additional motion to amend and supplement the petition with the holding of United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

11, 2003, was timely. However, the time to amend to raise additional claims expired on May 14, 2003.

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[2]

The motion to amend filed on September 27, 2004, does not supplement the original claims of the petition; instead, the motion raises additional claims. The motion and claims are untimely, and the issues therein are barred by the AEDPA statute of limitations.

Furthermore, to the extent that defendant seeks to raise new issues or supplement pending issues to seek relief under the principles enunciated in Blakely v. Washington, 124 S. Ct. 2531 (2004), such amendment would be futile. See Oleson v. United States, 27 Fed. Appx. 566, 570-71 n. 5 (6th Cir. 2001)(holding motions seeking to amend to retroactively apply Apprendi v. New Jersey, 530 U.S. 466 (2000), to initial § 2255 motions futile, because Apprendi was not retroactive in effect and citing United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001)). Pinkley cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In United States v. Booker, 125 S. Ct. 738 (2005), although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, Booker, 125

---

[2] See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)... Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

Accordingly, it would be futile to allow Pinkley to amend or supplement his motion to vacate to seek retroactive application of Blakely or Booker. The motion is hereby DENIED.

III. ANALYSIS

Defendant recognizes that his claims should have been raised on direct appeal. A § 2255 motion can never be utilized as a substitute for an appeal. Sunal v. Large, 332 U.S. 174, 178 (1947); United States v. Walsh, 733 F.2d 31, 35 (6th Cir. 1984). Failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion.

> Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process.

Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996)(citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Even claims of constitutional error that could have been raised on appeal are waived unless the defendant demonstrates cause and prejudice for that failure. United States

v. Frady, 456 U.S. 152, 167-68 (1982). Here, defendant cannot demonstrate cause and prejudice, nor are his claims of constitutional dimension.

Pinkley alleges that the procedural default of these issues resulted from his attorneys' ineffective assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984), establishes the standard for an ineffective assistance claim. A petitioner must show:

1. deficient performance by counsel; and
2. prejudice to the defendant from the deficient performance.

Id. at 687. To demonstrate prejudice, a movant under § 2255 must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Additionally, however, in analyzing prejudice,

> the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citing United States v. Cronic, 466 U.S. 648, 658 (1984)). "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. at 369. In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable. Id. at 371.

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993); Isabel v. United States, 980 F.2d 60, 64 (1st Cir. 1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice

suffered by the defendant." Strickland, 466 U.S. at 697. If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id. at 697. See also United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993).

Pinkley does not challenge the validity of his guilty plea. Rather, he seeks to be resentenced in accordance with a plea agreement reached on December 14, 1998.[3] To the extent that defendant now contends that he was coerced or that his rights were otherwise violated prior to his guilty plea, his claims are without merit. A valid guilty plea waives claims of pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992). Thus any claims based on pre-plea violations are barred unless the defendant can show that his guilty plea was invalid.

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985). Pinkley does not allege that he was

---

[3] Pinkley contends it was error for the Court to sentence him on information the government obtained while he was cooperating. Defendant relies on U.S.S.G. § 1B1.8, which provides, in pertinent part:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

United States Sentencing Commission, Guidelines Manual, § 1B1.8(a) (Nov. 1994). This restriction does not apply to information known to the government prior to making the cooperation agreement. Id at § 1B1.8(b).

> § 1B1.8(a) requires the existence of two separate agreements before taking effect: (1) the defendant must agree to cooperate with the government "by providing information concerning the unlawful activities of others"; and (2) the government must agree "that self-incriminating information provided pursuant to the agreement will not be used against the defendant."

United States v. Evans, 985 F.2d 497, 499 (10th Cir. 1993). If the government does not agree to both conditions, section 1B1.8(a)'s limitations are inapplicable. Id. Pinkley's motion lacks any supporting facts demonstrating that the government agreed to refrain from using any information he provided. A mere solicitation of cooperation from a criminal defendant, or the subject of a criminal investigation, does not constitute an offer to refrain from using the revealed information against the cooperating individual. Id. at 499-500. Pinkley is unable to demonstrate the existence of more than an informal plea agreement which did not contain any such promise by the government. Furthermore, as set forth below, to the extent anything more than an informal agreement existed, Pinkley breached the agreement by continuing to engage in criminal conduct.

incapable of making such a choice, and in any event reference to the guilty plea hearing transcript reveals that the court fully complied with Rule 11 by inquiring into the validity of defendant's plea, including his voluntary and willing waiver of his rights. See Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986)(court's inquiry on § 2255 challenge to a guilty plea should focus on compliance with Rule 11). Also, Pinkley waived the right to contest other evidentiary issues when he entered a guilty plea. See, e.g., Johnson v. Petrovsky, 626 F.2d 72 (8th Cir. 1980)(guilty plea waives right to object to admissibility of evidence that would have been introduced if defendant persisted in going to trial). See also Hill v. Lockhart, 474 U.S. at 56.

Defendant thus pled guilty in open court after having the advice of counsel and after this court's examination of him on the record to ensure that he understood the charges to which he was pleading.

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 74 (1977).

The court advised the defendant of the statutory penalties at the guilty plea hearing. Furthermore, the pre-sentence report advised the defendant of his potential sentence. Pinkley did not attempt to withdraw his guilty plea or express lack of knowledge of the base offense level or potential sentence. The transcript of sentencing fully illustrates that Pinkley's inability to capitalize on any uncounseled informal agreement with the AUSA prior to the entry of this valid guilty plea was a result of his unilateral choice to continue engaging in criminal conduct after December 14, 1998.

The failure of counsel to raise or object to these frivolous issues either at the plea, sentencing hearing, or on appeal does not constitute deficient performance. In light of Lockhart and Strickland, it is clear that the defendant cannot demonstrate any prejudice from his attorneys' performance. Pinkley's Sixth Amendment claims are all without merit.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid, and his motion is denied.

## IV. POSSIBLE APPEAL

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[4] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. Id. at 1073. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

---

[4] Title I of the AEDPA substantially revised the habeas statutes, including 28 U.S.C. §§ 2244, 2253, and 2255. Among other provisions, this Act amends 28 U.S.C. §§ 2244(b) and 2255 to require the district court to dismiss any subsequent § 2255 motion case absent permission from the Court of Appeals.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the reasons discussed in the body of this order, the movant's claim is clearly without merit and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying [habeas petitions or § 2255 motions]. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255] case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if [petitioner or movant] files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 23rd day of September, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 1:03-CV-01069 was distributed by fax, mail, or direct printing on September 26, 2005 to the parties listed.

---

Richard Pinkley
FMC
16962-076
PMB 4000
Rochester, MN 55903--400

Honorable James Todd
US DISTRICT COURT